MATHEW ENTERPRISE, INC., Doing Business as Stevens Creek Chrysler Jeep Dodge, Petitioner

v.

NATIONAL LABOR RELATIONS BOARD, Respondent

International Association of Machinists & Aerospace Workers, AFL–CIO, Local Lodge 1101, Intervenor.

Nos. 11–1310, 11–1406.

United States Court of Appeals, District of Columbia Circuit.

Dec. 14, 2012.

Daniel Theodore Berkley, Fox Rothschild, LLP, San Francisco, CA, Charles V. Berwanger, Esquire, Gordon & Rees LLP, San Diego, CA, Charles O'Malley Zuver, Jr., Esquire, Fox Rothschild, LLP, Los Angeles, CA, for Petitioner.

Jeffrey William Burritt, National Labor Relations Board, Linda Dreeben, Deputy Associate General Counsel, Robert J. Englehart, National Labor Relations Board, Washington, DC, David A. Rosenfeld, Caren Pamela Sencer, Weinberg, Roger & Rosenfeld, Alameda, CA, for Respondent, Intervenor.

Before: GARLAND and KAVANAUGH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This petition for review and cross-application for enforcement of an order of the National Labor Relations Board were presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the cross-application for enforcement granted.

Petitioner challenges a decision of the National Labor Relations Board ("the Board") that it violated § 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(3), when it discharged an employee engaged in union activities. Petitioner

argues that the Board improperly substituted its own credibility determinations for those of an Administrative Law Judge ("ALJ") and ignored "overwhelming evidence" that petitioner had lawful motives for the discharge. Petitioner also argues that because the Board's finding of a § 8(a)(3) violation was not based on substantial evidence, its imposition of a *Gissel* order was invalid.

We uphold the Board's factual conclusions if they are supported by substantial evidence, and affirm its application of law to facts except where "arbitrary or otherwise erroneous." *Guard Publishing Co. v. NLRB*, 571 F.3d 53, 58 (D.C.Cir.2009). Petitioner asserts that, despite this deferential standard, the Board's rejection of an ALJ's credibility determination constitutes grounds for reversal except where "extraordinary circumstances" are present. We think this mischaracterizes the nature of our review. Petitioner is correct that the Board has an "established policy" not to discard an ALJ's credibility determinations in most instances, *Bridgeway Oldsmobile*, 281 NLRB 1246, 1246 n. 1 (1986), and that in practice it rarely does so, but that pattern of deference does not translate into a more stringent standard of review before us. Rather, "[t]he substantial evidence standard is not modified in any way when the Board and its examiner disagree." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 496, 71 S.Ct. 456, 95 L.Ed. 456 (1951) (quotations omitted).

However, when the Board overrules an ALJ's finding on a relevant factual issue, this Court's inquiry is slightly more nuanced than when the Board has agreed with the ALJ—even though the ultimate standard of review remains the same. In such a case, as part of the overall analysis we must consider whether the Agency's rejection of the ALJ's finding was itself reasonable. Where the Board has overruled an ALJ's finding of historical fact, "[t]he rejected factual determinations of the ALJ are simply a factor for the reviewing court to consider in its substantial evidence inquiry." *Kay v. FCC*, 396 F.3d 1184, 1189 (D.C.Cir.2005). As we have said before, the Agency's determinations "are vulnerable if they fail to reflect attentive consideration to" the ALJ's finding of fact. *Greater Boston Television Corp. v. FCC*, 444 F.2d 841, 853 (D.C.Cir.1970); see also *Universal Camera Corp.*, 340 U.S. at 496, 71 S.Ct. 456 ("a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's"); 2 RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE § 11.2 (5th ed. 2010) (ALJ's findings are "nevertheless to be taken into account by the reviewing court and given special weight when they depend upon demeanor of witnesses").

Even taking full account of the disagreement between the Board and the ALJ—which the Board explained in some detail in its order—we cannot say the Board lacked substantial evidence to conclude that petitioner acted with an unlawful motive. Under the Board's *Wright Line* test, once the General Counsel has made a prima facie showing that protected conduct was "a motivating factor" in a decision to discharge, the burden of persuasion "shifts to the company to show that it would have taken the same action in the absence of the unlawful motive." *Bally's Park Place, Inc. v. NLRB*, 646 F.3d 929, 935 (D.C.Cir.2011) (quoting *Tasty Baking Co. v. NLRB*, 254 F.3d 114, 125–26 (D.C.Cir.2001)). Petitioner does not contest the Board's conclusion (shared by the ALJ) that the General Counsel met its initial burden. Rather, petitioner asserts that it met its burden of rebuttal through evidence establishing that it terminated the employee for lawful performance-related reasons. In support of

that claim, it adduced powerful evidence that the worker's performance was below par, but also rested heavily on a claim that it had reached its discharge decision several days before it learned of the employee's union activities on March 2, 2007. But the primary evidence petitioner offered pertaining to the date of the discharge decision was the testimony of a manager whom the Board found to be non-credible in light of written statements from the company's owner (who the company claimed was the ultimate decision-maker) and its counsel contradicting the manager, and a complete absence of contemporaneous documentation. By contrast, the ALJ credited the manager's testimony, but offered no explanation of that assessment other than a reference to unspecified "documentary evidence."

We do not see this divergence as grounds for reversing the Board's decision. Rather, having reviewed the written statements and other evidence identified by the Board as disfavoring petitioner's *Wright Line* defense, we think that substantial evidence supported the Board's finding that petitioner's account of the timing of the discharge was pretextual. We also think the Board adequately explained its divergence from the ALJ's findings. We note, however, that the Board's finding of pretext pertained solely to the question of timing, and we therefore express no opinion as to whether petitioner would have prevailed under *Wright Line* had it claimed that the decision to terminate the employee occurred for lawful reasons after March 2.

Having determined that the Board's finding of a § 8(a)(3) violation was supported by substantial evidence, we likewise reject petitioner's challenge to the Board's *Gissel* order.

Pursuant to Rule 36 of this Court, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed. R.App. P. 41(b); D.C.Cir. R. 41.